106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Alejandro TERREROS, a/k/a Roger Phillips, Appellant.
 No. 95-3181.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 03, 1997.
 
 Before RUTH BADER GINSBURG, SENTELLE, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order be affirmed. Appellant's argument that he was seized prior to his arrest because the encounter took place at a train roomette is without merit. See Florida v. Bostick, 501 U.S. 429 (1991) ("an encounter between a police officer and a citizen involving no more than approach, questioning, and official identification, does not constitute seizure and does not require ... articulable suspicion ..."); United States v. Savage, 889 F.2d 1113 (D.C.Cir.1989) (narrowness and confinement of train compartment are not inherently coercive nor does reviewing a ticket effect a seizure). Although claims of ineffective assistance of counsel are ordinarily presented in a fact-finding hearing before the district court, because the record conclusively demonstrates that appellant is not entitled to relief, the ineffective assistance of counsel claim can be reviewed in his direct appeal. See United States v. Fennell, 53 F.3d 1296 (D.C.Cir.1995). Because testimony had already established that the packages in the tote bag were consistent with the packaging of kilo quantities of cocaine, appellant is unable to prove that, absent the stipulation, the outcome would have been different and that he was prejudiced by his counsel's actions. See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland v. Washington, 466 U.S. 668, 698 (1984)). Consequently, appellant's ineffective assistance claim must also be rejected.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.